IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## STATE OF TENNESSEE v. JOHN C. WALKER, III

**Circuit Court for Putnam County**
**No. 02-0306**

**No. M2003-01732-CCA-R3-CD - Filed February 8, 2005**

## ORDER

DAVID G. HAYES, Judge, dissenting.

The majority concludes that modification of the defendant's sentence is required in light of *Blakely v. Washington*, 542 U.S. __, 124 S. Ct. 2531 (2004). I must respectfully dissent.

Any sentencing challenge available to the defendant under *Blakely* is now waived because the defendant did not object at trial to what he now contends is a constitutionally invalid sentencing scheme. *See* Tenn. R. App. P. 36(a). In *Blakely*, the Supreme Court clarified and extended the rule previously expressed in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000), with regard to the term "statutory maximum." Clearly, the defendant could have raised this issue under *Apprendi* at the trial level as did the defendant Blakely; however, this was not done. The majority opines that the supreme court's holding in *Graham v. State*, 90 S.W.3d 687, 692 (Tenn. 2002), *no cert. filed*, excuses the defendant's failure to raise this issue at the trial level. I disagree. The holding in *Blakely* was premised upon federal constitutional law, and, although the claim was rejected by the Washington Supreme Court, Blakely ultimately obtained success in his federal appeal. The defendant Graham could have pursued federal review like Blakely but chose not to do so. Counsel has a duty to use legal process for the fullest benefit of the client's cause, including the assertion of a good faith argument for reversal of existing law. Tenn. Sup. Ct. R. 8, RPC 3.1. Indeed, this is precisely what Blakely's counsel did. Trial counsel may not forgo an objection to a trial defect simply because he thought the objection would be futile. *Engle v. Isaac*, 456 U.S. 107, 130 n.35, 102 S. Ct. 1558, 1573 n.35 (1982) (citations omitted). Futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time. *Id.* Even a state court that has previously rejected a constitutional argument may decide, upon reflection, that the contention is valid. *Id.* at 130, 102 S. Ct. at 1573. Certainly the practice of presenting previously rejected claims is clearly implanted in capital case litigation in this state. Our rules of appellate procedure provide that an issue may not be raised for the first time on appeal. Tenn. R. App. P.

36(a). I see no valid reason to carve out an *Apprendi/Blakely* exception to this established rule. In *United States v. Cotton*, 535 U.S. 625, 631-34, 122 S. Ct. 1781, 1785-87 (2002), the Supreme Court held, after its decision in *Apprendi*, that the defendant's claim of right to a trial and finding by a jury on a fact used to enhance the defendant's sentence was forfeited because it was not raised at trial. Similarly, I find the Supreme Court's ruling in *Cotton* applicable to the review of *Blakely* claims raised on appeal in this State.

Review and modification of the defendant's sentence for the first time on appeal not only has the effect of removing the trial court as the primary sentencing court, it also denies the State the opportunity to be heard in the sentencing decision. Because the issue is waived, it is reviewable on appeal only under the discretionary authority of plain error. *See* Tenn. R. Crim. P. 52(b).

An appellate court is permitted to correct plain error, or in this case *Blakely* error, only when the error is "of such a great magnitude that it probably changed the outcome of the trial." *State v. Adkisson*, 899 S.W.2d 626, 642 (Tenn. Crim. App. 1994). Clearly, this was the import of the Supreme Court's recent holding in *U. S. v. Booker*, 543 U. S. _____, 125 S. Ct. 738, 769 (2005), wherein it opined that not "every [*Blakely/Booker*] appeal will lead to a new sentencing hearing. That is because we expect reviewing courts to apply ordinary prudential doctrines, determining, for example, whether the issue was raised below and whether it fails the 'plain-error' test." The Supreme Court's expectations of appellate review under *Blakely,* in this case and in numerous other cases on appeal in this state, have clearly not been met as the analysis fails to consider "whether the issue was raised below and whether it fails the 'plain-error' test." In sum, the analysis falls short of a prudential review.

As found in the direct appeal of this case, the record supports application of enhancing factors (10), that the defendant possessed or employed a firearm during the commission of the offense, and (17), that the crime was committed under circumstances under which the potential for bodily injury to a victim was great. The majority now rejects factors (10) and (17), not because they do not exist, but because they violate *Blakely*. I find, however, under plain-error review, that had a jury heard the proof with regard to factors (10) and (17), its verdict would have been the same. Accordingly, the defendant has failed to establish prejudice in order to satisfy the "affecting substantial rights" requirement of Rule 52(b). *See Cotton*, 535 U.S. at 1786, 122 S. Ct. at 633 (affirming enhancement of the defendant's sentence following plain error analysis notwithstanding presence of *Apprendi* error). The distinction between harmless error analysis and error assigned on appeal cannot be overlooked. *See U. S. v. Monroe*, 353 F.3d 1346 (11th Cir. 2003). It is the defendant, not the State, who has the burden of establishing how the *Blakely* error changed the outcome of the sentencing decision. *See id.* Clearly, the defendant has not met this burden. For these reasons, I would affirm the trial court's imposition of the twenty-five-year sentence.

_____
David G. Hayes, Judge